1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                 AT TACOMA

10   ALPHONSE J. BAZILE,

11                       Plaintiff,              CASE NO. 14-cv-05465 RJB JRC

12        v.                                     REPORT AND RECOMMENDATION
                                                 ON PLAINTIFF'S COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security         Noting Date: December 19, 2014
14   Administration,

15                       Defendant.

16

17        This matter has been referred to United States Magistrate Judge J. Richard

18   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20   271-72 (1976).  This matter has been fully briefed (*see* Dkt. Nos. 13, 14, 15).

21        After considering and reviewing the record, the Court concludes that the ALJ

22   erred by failing to discuss significant, probative evidence and by failing to provide

23   specific and legitimate rationale for failing to accommodate opinions from an examining

24

doctor into plaintiff's residual functional capacity ("RFC"). Because this error is not harmless error, this matter should be reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, ALPHONSE J. BAZILE, was born in 1967 and was 41 years old on the amended alleged date of disability onset of July 11, 2009 (*see* AR. 34, 191-92, 193-94). Plaintiff has a 10th grade education (AR. 38).   Plaintiff has work experience as a structural welder (AR. 39).  His last employment ended when he went to jail.  The company would not rehire him when he was released (AR. 210-16).

According to the ALJ, plaintiff has at least the severe impairments of "Post-traumatic stress disorder, depression, anxiety, learning disorder, and antisocial personality disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 17).

At the time of the hearing, plaintiff was single and living in a house with his two children, his children's mother and her 18-year-old son (AR. 36-37).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 126-34, 136-40, 141-49). Plaintiff's requested hearing was held before Administrative Law Judge Robert F. Campbell ("the ALJ") on February 25, 2013 (*see* AR. 29-59). On March 26, 2013, the ALJ issued a written decision in

which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR.12-28).

On April 10, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-4). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2014 (*see* Dkt. Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on August 18, 2014 (*see* Dkt. Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly weighed opinions of treating and examining consultants; (2) Whether or not the ALJ's determination that plaintiff has moderate limitations in concentration, persistence and pace is supported by substantial evidence; (3) Whether or not the ALJ properly found plaintiff not credible; and (4) Whether or not the ALJ's errors support remand for an immediate award of benefits (*see* Dkt. No. 13, p. 2).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1)   **Whether or not the ALJ properly weighed opinions of treating and examining consultants**.

Plaintiff argues that the ALJ indicates in his written decision that he is giving significant weight to the opinion of Dr. Scott T. Alvord, Psy.D., but he "ignored significant limitations which support a finding of disability without mention" (*see* Opening Brief, ECF No. 13, p. 12). Not only does the ALJ fail to provide any reason for failing to accommodate the opinion from Dr. Alvord that plaintiff may require visual pictures to remind him of relevant work procedures, but also, he fails even to acknowledge the opinion from Dr. Alvord that after plaintiff is provided with instructions in his work environment, "it will be important for [plaintiff] to have the most important references highlighted" (*see* AR. 302).

A contradicted examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Also, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

1    Because the ALJ failed to discuss the significant probative evidence of a need for

2    highlighting of most important work instructions, and because he failed to provide

3    specific and legitimate reasons for failing to credit fully this opinion, as well as the

4    opinion regarding a need for visual memory cues, the ALJ erred. *See id.; see also Lester*,

5    *supra*, 81 F.3d at 830-31 (citations omitted).

6        In addition, according to Social Security Ruling ("SSR") 96-8p, a residual

7    functional capacity ("RFC") assessment by the ALJ "must always consider and address

8    medical source opinions. If the RFC assessment conflicts with an opinion from a medical

9    source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p,

10   1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of

11   law, [n]evertheless, they constitute Social Security Administration interpretations of the

12   statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882

13   F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th

14   Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th cir. 1988)) (internal citation

15   and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security

16   Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or

17   regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984);

18   *Paxton, supra*, 865 F.2d at 1356) (footnote omitted).

19       Therefore, the ALJ also erred by failing to explain why these opinions were not

20   accommodated into plaintiff's RFC. *See id.*

21       Here, the failure to accommodate the opinions of Dr. Alvord regarding the

22   potential need for visual cues for work procedures and his opinion that "it will be

important for [plaintiff] to have the most important references highlighted" are important limitations that likely would have affected the ultimate disability determination. Thus, the failure to discuss and provide specific and legitimate rationale for failing to accommodate such limitations into the RFC is not harmless error (*see* AR. 302).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The vocational expert testified explicitly that a requirement for visual cues as to work procedures would be a special accommodation and likely would not be accommodated in a competitive work environment (*see* AR. 56). Similarly, had the "important" requirement, as opined by Dr. Alvord, that plaintiff be provided a highlighting of the most important references regarding work instructions been

accommodated into plaintiff's RFC, such accommodation likely would have affected the ultimate disability determination.

Therefore, the Court concludes that the ALJ's error with respect to the opinions of Dr. Alvord is not harmless error, and that the medical evidence requires further evaluation. Although not all contentions of error by plaintiff with respect to the medical evidence is discussed in detail herein, the Court concludes that all of the medical evidence should be evaluated anew following remand of this matter, as noted briefly below.

In this regard, the Court notes that Dr. David T. Morgan, Ph.D., whose opinion is given some weight in the ALJ's written decision, opined that plaintiff suffers from marked impairments in his ability to adapt to changes in a routine setting; to communicate and perform effectively in a work setting; to maintain appropriate behavior in a work setting; and to set realistic goals and plan independently (*see* AR. 21, 480), and also opined that plaintiff was limited in his ability to concentrate as demonstrated by his inability to spell WORLD backwards during his Mental Status Examination ("MSE") (*see* AR. 481). The ALJ erred by failing to accommodate these opinions into plaintiff's RFC or to explain why he did not do so, and this error should be corrected following remand of this matter. As noted, according to SSR 96-8p, an RFC assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20; *see also Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("[l]ong-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking") (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)).

Similarly, with regard to the ALJ's reevaluation of the medical evidence following remand of this matter, the Court notes that although the ALJ appears to reject the opinion of Ms. Dana Thompson, B.S. on the basis that she is "not an 'acceptable medical source,'" (*see* AR. 22)., *i.e.*, is a lay source, this statement merely reflects the standard by which her opinion should be evaluated, it is not a reason in of itself to reject her opinion, because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work."  *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)). The ALJ must provide germane rationale for the failure to accommodate the opinion of a lay source. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). In the same paragraph, the ALJ indicates that his failure to accommodate the opinion from Dr. Bernard Stupski, D.O. is due in part to a finding that "Dr. Stupski is a board certified family practitioner but not a specialist in mental impairments" (*see* AR. 22). However, a doctor does not have to be a specialist in mental health in order to provide a medical opinion regarding mental health limitations, although area of specialty is a relevant factor to be considered. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)); *see also*

20 C.F.R. 404.1527(c)(5). The Ninth Circuit specifically has indicated that "it is well established primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *See Sprague, supra*, 812 F.2d at 1232 (*citing* C. Tracy Orleans, Ph.D., Linda K. George, Ph.D., Jeffrey L. Houpt, M.D. and Keith H. Brodie, M.D., *How Primary Care Physicians Treat Psychiatric Disorders: A National Survey of Family Practitioners*, 142 Am. J. Psychiatry 52 (Jan. 1985)). As indicated by the Ninth Circuit, "[i]f the Magistrate [Judge]'s conclusion that there was no psychiatric evidence is based on an assumption that such evidence must be offered by a Board-certified psychiatrist, it is clearly erroneous." *Sprague, supra*, 812 F.2d at 1232. Regarding the ALJ's finding in this same paragraph with respect to a potential lack of evidence supporting the opined limitations, the Court notes the ALJ's failure to discuss the significant probative evidence of these evaluators' notation that plaintiff "was easily distracted and needed redirection at times" (*see* AR. 452). *See also Flores*, *supra,* 49 F.3d at 570-71 (*quoting Vincent*, *supra,* 739 F.2d at 1395 (*quoting Cotter*, *supra,* 642 F.2d at 706-07)). These errors, too, should be corrected following remand of this matter.

(2)    **Whether or not the ALJ's determination plaintiff has moderate limitations in concentration, persistence and pace is supported by substantial evidence**.

Because the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration of the medical evidence, *see supra*, section 1, *see infra*, section 4, the issue of plaintiff's limitations with respect to concentration, persistence and pace as a necessity should be evaluated anew following remand of this matter. However, the Court notes it is

1    in agreement with plaintiff's argument that simply because plaintiff indicated that he "can

2    follow spoken instructions better than written instructions" does not compel the

3    conclusion that plaintiff does not suffer from marked difficulties in concentration,

4    persistence or pace (*see* AR. 18).

5

6        (3)      **Whether or not the ALJ properly found plaintiff not credible**.

7            In addition, a determination of a claimant's credibility relies in part on the

8    assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this

9    reason, plaintiff's credibility should be assessed anew following remand of this matter.

10       (4)      **Whether or not the ALJ's errors support remand for an immediate**
                  **award of benefits.**

11

12           Generally when the Social Security Administration does not determine a

13   claimant's application properly, "'the proper course, except in rare circumstances, is

14   to remand to the agency for additional investigation or explanation.'" *Benecke v.*

15   *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

16   Circuit has put forth a "test for determining when [improperly rejected] evidence

17   should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

18   211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292

19   (9th Cir. 1996)). It is appropriate when:

20
21           (1) the record has been fully developed and further administrative
             proceedings would serve no useful purpose; (2) the ALJ has failed to provide
             legally sufficient reasons for rejecting such evidence, whether claimant
22           testimony or medical opinion; and (3) if the improperly discredited evidence
             were credited as true, the ALJ would be required to find the claimant
23           disabled on remand.

24

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292)).

The court found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the claimant] is not, in fact, disabled." *Id.* at 1021 (footnote omitted). Here, however, the Court concludes that "the record as a whole creates serious doubt as to [if] the claimant is, in fact, disabled within the meaning of the Social Security Act." *See id.*

The various MSE test results and the medical opinions vary greatly and are not all in alignment. For example, while Ms. Thompson and Dr. Stupski indicate that plaintiff is unable to meet competitive standards even for unskilled work with respect to his ability to maintain regular attendance and be punctual within customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods (*see* AR. 486), Dr. Tom M. Dooley, Psy.D. opined that despite having difficulty thinking in abstract terms and having questionable social judgment, and despite not being able to perform serial 7's backwards from 100 or perform accurately serial 3's backwards from 20, plaintiff "was able to recall 3/3 objects immediately and 2/3 after five minutes;" was "able to recall a five-digit number span both forwards, as well as backwards;" "had no major complaints of either short- or long-term memory

1   issues;" demonstrated that his "word finding, word usage and sentence structure appeared

2   to be in the average range;" exhibited "no obvious evidence of depression or

3   psychomotor retardation;" was assessed as presenting "with a normal range of affect;"

4   appeared "to be able to follow three-part directions;" demonstrated that his

5   "concentration appeared to be adequate;" appeared "to be able to perform his daily

6   activities and his adaptive behavior without any significant difficulty;" and, was "able to

7   take the bus, go down to the job center and search for jobs on the computer and then go to

8   the places of employment and apply" (*see* AR. 346, 347, 350).

9        Therefore, based on the record as a whole and for the reasons stated, the Court

10  concludes that this matter should be reversed and remanded for further administrative

11  proceedings consistent with this Report and Recommendation, as the record provides a

12  reason to believe that plaintiff perhaps "is not, in fact, disabled." *See Garrison*, *supra*,

13  759 F.3d at 1021 (footnote omitted).

14  

15                              <u>CONCLUSION</u>

16       Based on the stated reasons, and the relevant record, the undersigned recommends

17  that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42

18  U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this

19  Report and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should

20  be closed.

21       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

23  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

24

1   purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

2   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

3   matter for consideration on December 19**,** 2014, as noted in the caption.

4           Dated this 28th day of November, 2014.

5

6

7                                              J. Richard Creatura
                                               United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 13